**ELLIS BROS., INC., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 1301–60–Y.**

United States District Court
S. D. California,
Central Division.

Sept. 29, 1961.

Irving S. Baltimore and W. L. Engelhardt, Los Angeles, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., by Edward C. Geltman, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The plaintiffs by their complaint seek to rescind a purchase of 73 Government surplus automobile differentials and to recover the price paid to the Government, $9,283.41, upon the ground that, although offered as "unused", they were, in fact, used.

The Government, on August 7, 1961, moved for summary judgment in its favor and against the plaintiffs in accordance with Rule 56(b) and (c), Federal Rules of Civil Procedure, 28 U.S.C.A.  I am of the view that the motion should be granted.

The requests for bids setting forth the "General Sale Terms and Conditions", *which were brought before the Court on this motion,* specifically provided that

"in no case will failure to inspect *constitute* grounds for a claim or for the withdrawal of a bid after opening" (Clause 1)

and that the property was offered for sale "as is" and "where is" and "without recourse against the Government" (Clause 2).  Clause 2 also states:

"[T]he description is based upon the best available information but the Government *makes no* guaranty, warranty, or representation, *express or implied,* as to quantity, *kind, character, quality,* weight, size, or description of any of the property, or its fitness for any use or purpose,

and *no claim will be considered* for allowance or adjustment or *for rescission* of the sale based upon failure of the property to correspond with the standard expected; this is not a sale by sample." (Emphasis added.)

The requests for bids invited inspection. The plaintiff examined one differential. He did not seek additional inspection. *He was not prevented from* examining the others. He cannot rescind because of his failure to inspect fully.

The argument based on the significance which attaches to typed matters as distinguished from printed portions of a contract is meaningless in this case. For the description of the materials to be sold (and the word "unused" after the description of the differentials) *is multigraphed and not typed in* and is attached to the printed contract which contains the "General Sale Terms and Conditions", portions of which are reproduced above.

■ The clauses reproduced, to be found in all Government surplus sale contracts, so clearly exclude *all* recourse to *all* claims against the Government by way of rescission or otherwise that they override what in an ordinary contract might be considered a warranty against misdescription. See, Standard Magnesium Corp. v. United States, 10 Cir., 1957, 241 F.2d 677, 679.

The Court of Appeals for the Second Circuit has characterized the "description" portion of Clause 2:

"*as a warning to bidders that the description may not be accurate.* It calls attention to the possible incompleteness or inaccuracy of the information upon which the description is based * * * [A] prospective bidder *may eliminate the risk that the description may not be based upon the best available information by inspecting the property and thus actually determine for himself whether the description is in fact accurate.*" Dadourian Export Corporation v. United States, 2 Cir., 1961, 291 F.2d 178, 183 (Emphasis added.)

The Court disapproved the "theory of lack of identity" expressed in United States v. Silverton, 1 Cir., 1952, 200 F.2d 824, 827–828, to the effect that even if the bidder failed to inspect the goods he could prevail against the Government

"if the government had offered to sell apples and delivered oranges." Dadourian Export Corporation v. United States, supra, 291 F.2d at page 183

which the plaintiff would have us apply here. I too disapprove and decline to follow the test laid down in United States v. Silverton, supra. It would be unrealistic to apply it to Government surplus sales, as it would deprive the Government of the "built-in" protection which Clause 2 now affords. And cases like United States v. Utah, N. & C. Stage Co., 1905, 199 U.S. 414, 26 S.Ct. 69, 50 L.Ed. 251 and Hollerbach v. United States, 1914, 233 U.S. 165, 34 S.Ct. 553, 58 L.Ed. 898, pressed upon us, do not help the plaintiff. They involved construction contracts, in each of which the Court found that *positive* representations of the work to be performed were made by the Government that were *deceptive and misled*. United States v. Utah, N. & C. Stage Co., supra, 199 U.S. at page 424–425, 26 S.Ct. 69; Hollerbach v. United States, supra, 233 U.S. at page 172, 34 S.Ct. 553; Christie v. United States, 1915, 237 U.S. 234, 35 S.Ct. 565, 59 L.Ed. 933. See, MacArthur Brothers Company v. United States, 1922, 258 U.S. 6, 10–13, 42 S.Ct. 225, 66 L.Ed 433, where these cases are restricted to the situation we have indicated. More, there was no "as is" clause in any of the contracts there involved.

I conclude, therefore, that the pleadings and documents filed on the motion show that

"there is no genuine issue as to any material fact and that (the defendant) is entitled to a judgment as a matter of law", (Rule 56(c) Federal Rules of Civil Procedure.)

that the plaintiffs take nothing by their complaint, that the same be dismissed and that the defendant, United States of

America, recover its costs and disbursements herein.

The Court will sign the proposed findings and judgment lodged under Local Rule 7, West's Ann.Code, on September 27, 1961, which are attached as Appendix A.

### Appendix "A"

The motion of the defendant for Summary Judgment having come on for hearing on September 11, 1961, before the Honorable Leon R. Yankwich, Judge presiding, the plaintiff being represented by his attorneys Irving S. Baltimore and W. L. Engelhardt, and the defendant being represented by its attorneys, Francis C. Whelan, United States Attorney, Donald A. Fareed and Edward C. Geltman, Assistant United States Attorneys, by Edward C. Geltman, and the Court having considered defendant's Motion, plaintiff's opposition, together with all the records and files herein, and the Court being fully advised in the premises makes the following Findings of Fact, Conclusions of Law, and Judgment.

### Findings of Fact.

#### I.

That the defendant offered for sale and published a written Invitation to Bid for the purchase of approximately 89 automobile differentials.

#### II.

Said written Invitation to Bid contained a typewritten statement indicating that the differentials were not used.

#### III.

Before submitting its bid the plaintiff had an opportunity to inspect said differentials.

#### IV.

The inspection by the plaintiff of one or more differentials indicated to the plaintiff that the differentials were unused.

#### V.

After receipt of the differentials the plaintiff, alleging that they were used, attempted to rescind the contract and to obtain the return of the purchase price of $9,283.41.

#### VI.

That the defendant refused to rescind said contract and/or to return the said purchase price, contending the sale was based on an "as is" and "where is" contractual agreement in which the defendant made no guarantee, warranty, or representation, expressed or implied, as to quantity, kind, character, quality, weight, size, or description of any of the property, or its fitness for any use or purpose, and that no claim would be considered for allowance or adjustment or for rescision of the sale based on failure of the property to correspond with the standard expected and that the sale was not a sale by sample, and that further the descriptions contained in the Invitation to Bid were based on the best available information.

### Conclusions of Law.

#### I.

That irrespective of whether or not the differentials were used or unused this sale was an "as is, where is" sale and the contract specifically contained no guarantee, warranty, or representation, expressed or implied, as to quantity, kind, character, quality, weight, size, or description of any of the property.

#### II.

That the contract specifically precludes any recourse against the Government for failure of the property to adhere to any description.

#### III.

That the description was based on the best available information and that, therefore, since the plaintiffs had an opportunity to inspect they may not be heard now to complain that what they purchased did not conform to the description.

#### IV.

That surplus contracts are of a peculiar nature and are to be treated differently than other Government contracts.

### V.

That the plaintiffs do not have the right to rescind the contract.

### VI.

That the defendant is entitled to Judgment as a matter of law.

### VII.

That this Court has jurisdiction of the within matter.

### Judgment.

In accordance with the foregoing Findings of Fact and Conclusions of Law,

It Is Hereby Ordered, Adjudged and Decreed:

### I.

That the Judgment be, and the same is hereby entered in favor of the defendant and against the plaintiff, denying the relief prayed for in plaintiff's Complaint.

### II.

That the defendant have its costs and disbursements incurred herein.